ALEX CHARTS AND CHARTS INSURANCE ASSOCIATES, INC., Plaintiffs–Appellants,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Variable Life Insurance Company, Colonial Insurance Company of California, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, and Nationwide Property & Casualty Company, Defendants–Appellees.

No. 00–9397.

United States Court of Appeals, Second Circuit.

June 15, 2001.

Raymond A. Garcia, Garcia & Milas, P.C., New Haven, CT; Warren F. Sasso on the brief, for appellants.

Deborah S. Freeman, Bingham Dana, LLP, Hartford, CT; G. Eric Brustad on the brief, for appellees.

Present STRAUB, POOLER, Circuit Judges, and KORMAN, District Judge.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby VACATED and the case is REMANDED.

Plaintiffs–Appellants Alex Charts and Charts Insurance Associates, Inc. (collectively "Charts") appeal from a judgment of the United States District Court for the District of Connecticut (Christopher F. Droney, *Judge* ) granting summary judgment to Defendants Appellees Nationwide Mutual Insurance Co., Nationwide Variable Life Insurance Co., Colonial Insurance Company of California, Nationwide Mutual Fire Insurance Co., Nationwide Life Insurance Co., and Nationwide Property & Casualty Co. (collectively "Nationwide"). The District Court adopted the recommendation of a United States Magistrate Judge (William I. Garfinkel, *U.S. Mag. Judge* ) who recommended that the action be dismissed because, *inter alia,* the claims at issue were property of the bankruptcy estate of Mr. Charts.

We vacate the judgment without reaching the merits because the district court erred in adjudicating the property

---

* Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

rights and claims at issue without joining the debtor's estate as a party. Fed. R.Civ.P. 19 provides in relevant part that a person "should be joined as a party in the action" if "[he] claims an interest relating to the subject of the action and is so situated that the disposition of the action in [his] absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . ." Because of the compelling due process considerations that underlie Fed.R.Civ.P. 19, Wright, Miller, & Kane, Federal Practice and Procedure § 1602, pp 21–23, "[a]ny party may bring the issue to the court's attention, and both the trial court and the appellate court may take note of the non-joinder of an indispensable party sua sponte." *Id.* § 1609 at pp. 138–39, and cases cited; *Manning v. Energy Conversion Devices, Inc.,* 13 F.3d 606, 609 (2d Cir.1994).

■ We raise this issue sua sponte, because the considerations of policy underlying Fed.R.Civ.P. 19 are implicated by proceeding without the debtor's estate as a party. Nationwide argues that the very point of its effort to challenge Charts ownership of the cause of action was to avoid the possibility that it would be subject to multiple judgments-one by Charts in this action and one by the debtor's estate in a subsequent action. Post Argument Letter dated May 16, 2001, at p. 4. The possibility of multiple judgments arises from the fact "that a judgment is not res judicata as to, or legally enforceable against, a nonparty." *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Joining the debtor's estate as a party avoids the possibility of multiple judgments.

On the other hand, because the debtor's estate is closed, a ruling that it is the owner of the cause of action may be of little practical consequence unless the bankruptcy proceeding is reopened and the estate is revived. Indeed, rather than protecting Nationwide against multiple judgments, the ruling that Charts does not own the cause of action could provide Nationwide with the windfall of protection against any judgment. Joining the debtor's estate as a party also avoids this incongruous result.

Under these circumstances, the appropriate course is to vacate the judgment and remand the case to the district court with directions to withdraw the reference from the Bankruptcy Court for the purpose of reopening the proceeding and joining the estate as a party. Since the proceeding in the Bankruptcy Court is otherwise dormant, withdrawal of the reference would seem to be the most practical and expeditious way of handling the matter. We again emphasize that we express no view as to the proper owner of the cause of action or otherwise reach the merits of this dispute.

The judgment of the district court is vacated and the case is remanded for further proceeding consistent with this order.